FILED
United States Court of Appeals
Tenth Circuit

May 1, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

RICARDO RODRIGUEZ, a/k/a Miguel,
a/k/a Mikey,

        Defendant-Appellant.

No. 13-5010
(D.C. No. 4:12-CR-00078-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **GORSUCH**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Ricardo Rodriguez's plea agreement. The

defendant pleaded guilty to conspiracy to distribute and to possess with intent to

distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846.

The district court sentenced defendant to the statutory minimum term of 120 months'

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment.  In imposing this sentence, the court sua sponte varied below the applicable advisory guidelines sentencing range of 135 to 168 months' imprisonment.

In his plea agreement, the defendant stated that he "knowingly and voluntarily . . . waive[d] the right to directly appeal [his] conviction and sentence," but he "reserve[d] the right to appeal from a sentence which exceeds the statutory maximum."  Mot. to Enforce, Attach. 1 (Plea Agmt.) at 3.  He also "expressly acknowledge[d] that counsel ha[d] explained his appellate and post-conviction rights; that [he] under[stood] his rights; and that [he] knowingly and voluntarily waive[d] those rights."  *Id.* at 4.  In addition to initialing each page of the plea agreement and signing the final page, the defendant also signed his name directly beneath the appellate waiver language, and he executed a separate acknowledgment that he had read and voluntarily agreed to the plea agreement.

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  In evaluating a motion to enforce a waiver, we consider:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325.  The defendant's counsel filed a response conceding that his appellate waiver in the plea agreement is enforceable.  We gave the defendant the opportunity to file a pro se response, but his deadline has passed, and to date we have not received a response from him.

Our independent review confirms that the requirements for enforcing the plea waiver have been satisfied.  Accordingly, we grant the motion to enforce and dismiss the appeal.


Entered for the Court
Per Curiam